**William H. Sherlock, OSB #903816**
lsherlock@eugenelaw.com
HUTCHINSON COX
940 Willamette Street, Suite 400
P.O. Box 10886
Eugene, Oregon 97440
Telephone:  (541) 686-9160
Facsimile:  (541) 343-8693
Of Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **MATTHEW JAMES SMITH and PAUL CALLEN,**<br><br>      **Plaintiffs,**<br><br>      v.<br><br>**TUMALO IRRIGATION DISTRICT; RONALD ALVARADO, in his official capacity as State Conservationist, Natural Resources Conservation Service, United States Department of Agriculture; NATURAL RESOURCES CONSERVATION SERVICE, a federal agency of the United States Department of Agriculture;**<br><br>      **Defendants.** | Case No. 6:20-cv-345<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Matthew James Smith and Paul Callen respectfully bring this action challenging the actions of Federal Defendants Ronald Alvarado and the Natural Resources Conservation Service ("NRCS") authorizing the Tumalo Irrigation District Modernization Project ("Project"). This suit alleges violations of the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321 *et seq.*

Page 1 –COMPLAINT

Under the laws of the State of Oregon, Plaintiffs further challenge the actions of all Defendants impermissibly expanding the scope of the irrigation rights-of-way and causing a private nuisance upon Plaintiffs' properties.

## JURISDICTION AND VENUE

1. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1346(a)(2), & 1367(a). Final agency action exists that is subject to judicial review pursuant to 5 U.S.C. § 704. An actual, justiciable controversy exists between Plaintiffs and Defendants. The court has authority to issue declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 & 2202 and 5 U.S.C. §§ 705 & 706.

2. Venue is proper in this court under 28 U.S.C. § 1391 because all or a substantial part of the events or omissions giving rise to the claims herein occurred within this judicial district. Defendant Ronald Alvarado's office is located within this judicial district, and the Environmental Assessment ("EA") at issue in this litigation was prepared within this judicial district. The lands affected by the Project are within this judicial district.

3. Plaintiffs have exhausted any and all available and required administrative remedies.

## PARTIES

4. Plaintiffs are landowners of property encumbered by the Tumalo Irrigation District ("TID") irrigation rights-of-way to be expanded by the Project. The rights-of-way encumber the width of the irrigation canals and laterals, plus fifty (50) feet on either side, and extend to the bottom of the canal and/or lateral bed.

5. If the Project moves forward as planned, Plaintiffs' property will suffer significant economic devaluation. Plaintiffs' economic, aesthetic, recreational, and other interests will be adversely affected and irreparably injured by the

Project. These are actual, concrete, particularized injuries caused by NRCS's failure to comply with its mandatory NEPA and APA duties. The relief sought in this case would, if granted, redress these injuries.

6. Defendant Ronald Alvarado is the State Conservationist for Defendant NRCS. He is sued in his official capacity. As the State Conservationist, Mr. Alvarado signed the Finding of No Significant Impact for the Project. Mr. Alvarado is the federal official charged with responsibility for all of NRCS officials' actions and inactions challenged in this Complaint.

7. Defendant NRCS is an agency of the United States and a division of the Department of Agriculture. Under the authority of the Watershed Protection and Flood Prevention Act, NRCS is charged with managing the lands and resources affected by the Project in accordance with federal laws and regulations.

8. Defendant TID has certain rights-of-way and easements, including those through Plaintiffs' properties, and manages and maintains the canals, and laterals therein that it seeks to modify under the Project.

## FACTS

9. The Project is an irrigation modernization project to be implemented on TID canals and laterals in six sub-watersheds: Buckhorn Canyon, Bull Creek, Lower Tumalo Creek, Laidlaw Butte-Deschutes River, Overturf Butte-Deschutes River, and Deep Canyon Dam-Deep Canyon. These sub-watersheds cover a total area of 169,251 acres within the Upper Deschutes Watershed in Central Oregon. This area is predominantly rural, and urban growth is limited by state and county planning and land use restrictions.

10. The Project area covers up to 68.8 miles of TID's canals and laterals, with laterals taking up over ninety-five percent of the Project. The Project will also affect lands and resources miles away from the Project's discrete boundaries

by changing the way water currently passes through the affected watersheds, sub-watersheds, and Plaintiffs' properties.

11. TID acquired the rights-of-way at issue by way of federal grant under the Carey Desert Land Act of 1894 ("Act"). The Act's purpose was to assist settlers in the task of reclaiming arid lands and converting them into cultivatable tracts. Plaintiffs' properties are each burdened by rights-of-way acquired under the Act.

12. Plaintiffs' properties contain numerous ponderosa pine trees, many over one hundred (100) years old, and other riparian vegetation dependent on the current irrigation system for water. The water-dependent vegetation provides aesthetic, economic, and environmental benefits to the properties. The water-dependent vegetation provides additional benefits to adjacent properties and wildlife by way of shade, shelter, and associated water cooling. Most, if not all, of these benefits would be eliminated by the Project.

13. In August 2018, Defendants signed the Project Environmental Assessment ("EA") and the Finding of No Significant Impact ("FONSI") allowing the Project to move forward.

14. The EA Preferred Alternative, the selected alternative, replaces the current system of canals and laterals with underground pressurized piping. The stated purpose of this modernization is to improve water conservation, increase the reliability of water delivery to TID's patrons, and increase public safety.

## FIRST CLAIM FOR RELIEF

*NEPA Violations Against Federal Defendants*

15. Plaintiffs incorporate by reference paragraphs 1–14 above.

16. NEPA directs federal agencies to give full and meaningful consideration to all reasonable alternatives. 42 U.S.C. § 4332(2)(E); 40 C.F.R. §

1508.9. Reasonable alternatives may not be artificially limited by an unreasonable purpose and need statement.

17. The Project EA considered only three alternatives: the No Action alternative, the Preferred Alternative, and an alternative involving the installation of liners in the canals and laterals. Nine further alternatives, including improving efficiency at the water-consumer end, were rejected as being inconsistent with the Project's purpose and need as stated in the EA.

18. The Project's stated purpose and need were crafted to produce the pre-selected Preferred Alternative. The post-hoc analysis in the EA was conducted under a suite of sham justifications, and many reasonable alternatives were improperly rejected. This rejection was the result of an arbitrary purpose and need statement based on a false factual premise.

19. The EA failed to consider a reasonable range of alternatives, including alternatives that would have accomplished the goal of improving water conservation and delivery efficiency without destroying the environmental character, functionality, and economic value of Plaintiffs' properties.

20. The EA further failed to adequately consider and analyze the cost of property devaluation, loss of public recreational benefit, loss of trees, effects on groundwater, increased fire risks, the carbon cost of lost vegetation, detriments to the general local populace, detriments to the public, and the risk of unsecured funding. Defendants' failure to include these in the EA cost/benefit analysis was both arbitrary and capricious.

21. The EA considers power-cost-saving and other benefits to private parties, something NRCS has no statutory authority to do under Public Law 83-566, which law is the only legal authorization for NRCS's involvement, and the only source of federal funding.

22. The EA additionally failed to adequately consider the cumulative effects of the Project and similar projects by ignoring or failing to give adequate appreciation to the desertification and loss of water-dependent vegetation, including one-hundred-year-old trees, the Project and numerous similar projects occurring in the region will cause. This failure violates the requirements of 40 C.F.R. §1508.27.

23. Accordingly, the federal Defendants acted arbitrarily and capriciously, abused their discretion, and acted in excess of their statutory authority in contravention of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 706(2)(a) & (c). The EA should therefore be rejected and remanded back to Defendants for further factual development and analysis.

## SECOND CLAIM FOR RELIEF

*Improper Expansion of Easement Against All Defendants*

24. Plaintiffs incorporate by reference paragraphs 1–23 above.

25. The Project will cause desertification on Plaintiffs' properties by replacing the open laterals with piping. This is the opposite of the purpose under which the rights-of-way were granted under the Act. Modifying an easement beyond the easement's original purpose is unlawful without further grants from the servient estate.

26. All water-dependent vegetation on Plaintiffs' properties that survives on water from the laterals will die, including hundred-year-old ponderosa pines, causing property devaluation to Plaintiff Smith in the amount of $150,000.00 and property devaluation to Plaintiff Callen in the amount of $100,000.00. In the EA, Defendants admit such property devaluation will occur.

27. The underground piping will be buried beneath the current bed of the laterals, outside of the current scope of the right-of-way.

28. These modifications will expand the easement outside of the original scope and purpose of the TID rights-of-way, unlawfully place an unreasonable burden on the servient estate, and cause a material interference in the use and enjoyment of Plaintiffs' properties.

### THIRD CLAIM FOR RELIEF

*Private Nuisance Against All Defendants*

29. Plaintiffs incorporate by reference paragraphs 1–28 above.

30. The impermissible easement modifications unreasonably interfere with Plaintiffs' private use and enjoyment of their land through the elimination of vegetation and the desertification caused by the Project.

31. The Project EA admits property devaluation will occur, which property devaluation will cost Plaintiff Smith $150,000.00 and Plaintiff Callen $100,000.00.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the court grant the following relief:

1. On Plaintiffs' First Claim for Relief, declare that Defendants' actions are in violation of the NEPA, the APA, and the implementing regulations of each Act, as set forth above;

2. Declare unlawful and set aside the Project EA and FONSI until such time as the Defendants have complied with NEPA;

3. On all Claims for Relief, award preliminary and permanent injunctive relief by enjoining Defendants from implementing the Project on Plaintiffs' properties;

4. In the alternative, on Plaintiffs' Third Claim for Relief, for a judgment in favor of Plaintiffs and against Defendants in the amount of $250,000.00, plus interest at the applicable statutory rate;

5. Retain jurisdiction over this action to ensure compliance with its decree;

6. Award Plaintiffs their costs incurred in pursuing this action, including attorney's fees, as authorized by the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and other applicable provisions; and

7. Grant such additional relief and remedies as this court deems proper.

DATED this 3rd day of March 2020.

Respectfully submitted,

HUTCHINSON COX

By: _____
William H. Sherlock, OSB #903816
lsherlock@eugenelaw.com
541-686-9160
Of Attorneys for Plaintiffs